UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS CARMONA-GONZALEZ,<br><br>Defendant. | CASE NO. 3:13-CR-05513-RJB<br><br>ORDER ON MOTION TO REOPEN DETENTION HEARING |

On November 1, 2022, a detention hearing was held before the undersigned United States Magistrate Judge David W. Christel. *See* Dkt. 138; *see also* Dkt. 134. The undersigned ordered Defendant Carlos Carmona-Gonzalez detained pending a hearing on the petition to revoke Defendant Carmona-Gonzalez's supervised release. Dkt. 138. On December 1, 2022, Defendant Carmona-Gonzalez filed a Motion to Reopen Detention Hearing ("Motion") which the District Judge has referred to the undersigned. Dkt. 144. The Government filed a response on December 8, 2022. Dkt. 146.[1] Defendant Carmona-Gonzalez did not file a reply.

---

[1] The Government sought leave to file an over-length response. Dkt. 145. The motion for leave to file an over-length brief is granted.

After reviewing the record, including written filings, evidence, and arguments presented at the November 1, 2022 detention hearing, the Court finds Defendant Carmona-Gonzalez has failed to satisfy the requirements under 18 U.S.C. §3142(f) for reopening a detention order or for temporary release under 18 U.S.C. §3142(i). Accordingly, the Motion (Dkt. 144) is denied.

### I. Legal Standard

A detention hearing may only be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Reopening of a detention hearing "is permissible under this section only when there is new information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *United States v. Cisneros,* 358 F.3d 610, 614 (10th Cir. 2003). Reopening of a detention hearing is discretionary. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989). If a court finds the information presented in support of reopening is not sufficiently material to the issues of dangerousness or flight risk, the court may deny the request. *Id.* at 799.

### II. Analysis

Defendant Carmona-Gonzalez argues the Court should reopen his detention hearing based on new information and because "his pending state charges and his inability to defend against them while in federal custody make his release necessary for preparation of his defense." Dkt. 144, p. 1. In support, Defendant states he would live his parents, which is a residence approved by U.S. Probation. *Id*. at p. 4. He also asserts that he will "continue working with his

current employer and assist his mother for financial support" and that he will care "for his young child all day while the baby's mother is at work." *Id*. Finally, he argues that he could be adequately monitored through location monitoring and other conditions of release. *Id*. at pp. 5, 8-9.

At the time of the detention hearing, the undersigned noted the presumption of detention under Rule 32.1(a)(6) applied and ordered Defendant to be detained both on the finding that he presented a danger to the safety of any other person and to the community and that no conditions of release would address this concern. *See* Dkts. 138, 146-2, 147. The Court based its ruling on Defendant's previous record on supervision, the October 2022 Vancouver, Washington arrest for assaulting another driver with a machete and that he had been accused of attacking another motorist with a machete in March 2020. *See* Dkts. 138, 146-2, 147. At the detention hearing, Defendant's counsel argued for his release on the basis he had an approved release address, he is employed and financially supports his family, is an active parent for his child, that a location monitoring device would address any concerns about safety, and that, for these reasons, Defendant would be motivated to comply with conditions of release. *See* Dkts. 138, 146-2, 147.

The Court agrees with the government that Defendant has not presented any new information and has repeated the same arguments he made or could have made at the detention hearing.  This is not "new information" under 18 U.S.C. §3142(f) and as such does not justify reopening the detention hearing. Also, the Court finds that Defendant's alternative argument that he is eligible for temporary release under 18 U.S.C. §3142(i) so that he can address his pending state assault case is not applicable. He has not shown he is unable to review discovery, prepare for trial or resolution of the state court case or consult with legal counsel while detained at the Federal Detention Center.

### III. Conclusion

The Court finds Defendant Carmona-Gonzalez failed to present information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant Carmona-Gonzalez] as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(f). He has also failed to satisfy the requirements for temporary release under 18 U.S.C.A. § 3142(i). Accordingly, Defendant Carmona-Gonzalez's Motion (Dkt. 144) is denied.

Dated this 13th day of December, 2022.

David W. Christel
United States Magistrate Judge